**WATANABE ING LLP**
A Limited Liability Law Partnership

MELVYN M. MIYAGI   #1624-0
mmiyagi@wik.com
ROSS T. SHINYAMA     #8830-0
rshinyama@wik.com
LISA M. YANG            #10360-0
lyang@wik.com
First Hawaiian Center
999 Bishop Street, Ste. 1250
Honolulu, HI 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399

Attorneys for Defendant
**CHEVRON U.S.A., INC.**

**BRONSTER FUJICHAKU ROBBINS**
A Law Corporation

MARGERY S. BRONSTER     #4750
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Telephone: (808) 524-5644
Facsimile:  (808) 599-1881
Email:   mbronster@bfrhawaii.com

Attorneys for Defendant
**SYNGENTA CROP PROTECTION LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN KAIZUKA, INDIVIDUALLY, AND AS THE CHILD OF HIROSHI KAGAWA<br><br>Plaintiff,<br><br>v. | Case No. _____<br><br>(Formerly Case No. 1CCV-24-458 in the Circuit Court of the First Circuit State of Hawaii) |

| | |
|---|---|
| SYNGENTA AG, SYNGENTA CROP PROTECTION LLC, CHEVRON U.S.A., INC., YAMASHIRO BUILDING & SUPPLY INC.<br><br>                              Defendants. | NOTICE OF REMOVAL; EXHIBITS A-C; CERTIFICATE OF SERVICE |

## NOTICE OF REMOVAL

Defendants Syngenta Crop Protection LLC ("Syngenta") and Chevron U.S.A. Inc. ("Chevron"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-captioned action from the Circuit Court of the First Circuit State of Hawaii, case number 1CCV-24-458 to the United States District Court for the District of Hawaii.  In support of removal, Chevron provides this "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

## NATURE OF REMOVED ACTION

1.     On April 11, 2024, Kathleen Kaizuka ("Plaintiff"), individually and as the child of Hiroshi Kagawa, filed this action, *Kaizuka v. Syngenta AG et al.*, in the Circuit Court of the First Circuit State of Hawaii, case number 1CCV-24-458, alleging claims based upon Hiroshi Kagawa's purported exposure to products containing paraquat and subsequent diagnosis with Parkinson's disease.

2.     Plaintiff asserts a total of sixteen causes of action against Syngenta, Chevron, and Yamashiro Building & Supply, Inc. ("Yamashiro").

3.     Specifically, Plaintiff alleges causes of action for:  (i) strict product liability design defect against Syngenta; (ii) strict product liability design defect

against Chevron; (iii) strict product liability failure to warn against Syngenta; (iv) strict product liability failure to warn against Chevron; (v) strict product liability failure to warn against Yamashiro; (vi) negligence against Syngenta; (vii) negligence against Chevron; (viii) negligence against Yamashiro; (ix) breach of implied warranty of merchantability against Syngenta; (x) breach of implied warranty of merchantability against Chevron; (xi) fraud, misrepresentation, and suppression against Syngenta; (xii) fraud, misrepresentation, and suppression against Yamashiro; (xiii) fraudulent concealment of cause of action against Syngenta; (xiv): violation of the "Consumer Fraud Acts of Hawaii" against all Defendants; (xv): wrongful death against all Defendants; and (xvi): "survival action".

4.      The thrust of Plaintiff's allegations is that by manufacturing, distributing, or selling products containing paraquat, Defendants exposed Mr. Kagawa to an increased likelihood of developing Parkinson's disease, which he was later diagnosed with in the late 1980s, and purportedly passed away from in 2005.

5.      This alleged conduct purportedly harmed Plaintiff in the form of mental and physical suffering, emotional distress, loss of enjoyment of life, medical expenses, out of pocket lost earnings, personal injuries, and other noneconomic damages.

6.      Over 6,000 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta and Chevron in federal

3

courts around the country, and the vast majority have been transferred into a multidistrict litigation in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021). New cases are regularly being directly filed in the MDL or transferred to it. Litigation has significantly progressed in the MDL. In April 2024, the MDL Court excluded the MDL Plaintiffs' only causation expert and, for that reason, granted summary judgment to Syngenta and Chevron and dismissed all the trial-ready bellwether cases. *Id.*, ECF 5237, 5238. The MDL continues to proceed apace, with the MDL Court directing the parties to select 16 new bellwether cases by early May to proceed to trial. *Id.*, ECF 5238 at 8. By filing this case in state court, Plaintiff seeks to avoid the MDL, which is designed to ensure the most efficient and orderly administration of a large number of cases presenting certain common issues of law and fact.

7.     This case is subject to removal on the grounds of diversity jurisdiction, however, because complete diversity of citizenship would exist between Plaintiff and Defendants but for the improper joinder of Yamashiro.

8.     Plaintiff has no hope of prevailing against Yamashiro for several reasons: (1) all Plaintiff's claims are time-barred by the applicable statutes of limitations, and Plaintiff has not pleaded any exception to those statutes; (2) Plaintiff's claims (aside from wrongful death) can only be asserted by a properly appointed legal representative of the decedent, and Plaintiff has not alleged she is

4

such a person; (3) Plaintiff has not adequately pleaded her fraud claim; (4) Plaintiff cannot state a claim under the "Consumer Fraud Acts of Hawaii" because there is no such statute; and (5) Plaintiff's wrongful death and survival claims fall with the underlying claims.   As a result, Yamashiro has been improperly joined as a defendant, and the Court should ignore its citizenship for purposes of evaluating diversity jurisdiction.

9.     This case is therefore subject to removal on the grounds of diversity jurisdiction because complete diversity of citizenship exists between Plaintiff and the properly joined Defendants: Plaintiff is a citizen of Hawaii, Syngenta is a citizen of Delaware, and Chevron is a citizen of California and Pennsylvania.

10.     In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached as **Exhibit A** ("Complaint").   A copy of all other process, pleadings, and orders served on Syngenta and Chevron or otherwise on file with the state court are attached as **Exhibit B**.[1]   A copy of an email from Syngenta consenting to the removal of this proceeding to this Court is attached as **Exhibit C**.

---

[1] Syngenta and Chevron have attached the most recent state court record available to them as of filing.   To the extent that record is not up-to-date, Syngenta and Chevron will supplement accordingly as it becomes available.

## TIMELINESS OF REMOVAL

11.    Chevron was served with the Complaint on April 17, 2024, and Syngenta was served on April 19, 2024.  Syngenta and Chevron have not responded to the Complaint in state court.  Accordingly, this notice of removal is timely.  *See, e.g.*, 28 U.S.C. § 1446(b) (notice of removal must be filed within 30 days of defendants being served); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## PROPRIETY OF VENUE

12.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Circuit Court of the First Circuit State of Hawaii—where the state court action was pending before removal—is a state court within this federal district and division.

## BASIS OF REMOVAL
## DIVERSITY JURISDICTION

13.    Removal is proper under 28 U.S.C. §§ 1332 and 1441 because complete diversity exists between the properly joined parties, and the amount in controversy exceeds $75,000.

14.    Plaintiff Kathleen Kaizuka is a citizen of the State of Hawaii. Complaint ¶ 3.

15.    Syngenta is an LLC with its headquarters in Greensboro, North Carolina.  But an LLC is a citizen of the States in which its members reside, not the

State where its principal place of business is located, *see Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), and, where applicable, a court must trace an LLC's citizenship through multiple layers of ownership, *see KMS, LLC v. Major League Trucking, Inc.*, 2023 WL 5321086, at *1 (C.D. Cal. July 13, 2023). Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. Syngenta is therefore a citizen only of the State of Delaware.

16.    Chevron is headquartered in San Ramon, California, and incorporated in the Commonwealth of Pennsylvania, and it is thus a resident of those two States. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (citing 28 U.S.C. § 1332(c)(1)).

17.    Complete diversity therefore exists between the parties, but for the improper joinder of Yamashiro. *See* Complaint ¶ 8.

18.    The improper joinder doctrine "prohibits a plaintiff from defeating federal subject-matter jurisdiction by joining a non-diverse party against whom no viable claim can be pled." *Bank of America, N.A. v. Fidelity National Title Group, Inc.*, 616 F. Supp. 3d 1090, 1097 (D. Nev. 2022). An improper joinder "occurs when the 'plaintiff fails to state a cause of action against [a] defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* "[W]hen that happens, the

court can disregard the citizenship of the fraudulently joined non-diverse defendant to find complete diversity and deny remand." *Id.*

19.    Plaintiff has improperly joined Yamashiro, and its citizenship should be excluded for purposes of determining diversity jurisdiction for five reasons.

20.    ***First***, all Plaintiff's claims against Yamashiro are time-barred by the applicable statute of limitations.  Claims seeking "recovery of compensation for damage or injury to persons" are subject to a two-year statute of limitations.  Haw. Rev. Stat. § 657-7.  Plaintiff's failure-to-warn, negligence, and fraud claims seek to recover compensation for personal injuries, *i.e.*, based on Mr. Kagawa developing Parkinson's disease purportedly due to his paraquat exposure.  Complaint ¶¶ 159-65; *In re Haw. Fed. Asbestos Cases*, 854 F. Supp. 702, 706 (D. Haw. 1994) (applying § 657-7 to product liability action); *DW Aina Le'a Development, LLC v. State Land Use commission*, 477 P.3d 836, 844-45 (Haw. 2020) (suggesting that § 657-7 applies to fraud claims involving personal injury).  An Unfair or Deceptive Trade Practices ("UDAP") claim is subject to a four-year statute of limitations.  Haw. Rev. Stat. § 480-24.[2]  And Plaintiff's wrongful death claim is subject to a two-year statute of

---

[2] As discussed *infra* (¶ 27), Plaintiff has not pleaded an UDAP claim with her vague reference to Hawaii's "Consumer Fraud Acts."  Defendants will nonetheless show in this notice, out of an abundance of caution, that even if Plaintiff had asserted a UDAP claim it would nonetheless be barred for multiple reasons.

limitations that runs "from the date of death of the injured person."  Haw. Rev. Stat. § 663-3.[3]

21.   Plaintiff has not complied with these statutes of limitations.  Plaintiff alleges that Mr. Kagawa was exposed to paraquat from 1963 through 1973, was diagnosed with Parkinson's disease in "the late 1980's" and died in 2005.  Complaint ¶ 1.  Plaintiff filed this action about 35 years since Mr. Kagawa was diagnosed with Parkinson's disease and almost 20 years after Mr. Kagawa passed away.  That is plainly more than four years after he was injured (barring the failure-to-warn, negligence, and fraud claims and any potential UDAP claim) and two years after he passed away (barring the wrongful death claim).  Thus, all Plaintiff's claims are time-barred on the face of the complaint.

22.   Neither the discovery rule nor fraudulent concealment tolling saves Plaintiff's claims.  A plaintiff must include "factual allegations" in her complaint "supporting the application of the discovery rule or tolling based on fraudulent concealment."  *Chavez v. Deutsche Bank National Trust Co.*, 2019 WL 2330885, at *12 (D. Haw. May 31, 2019); *see also Begley v. County of Kauai*, 2018 WL

---

[3] Plaintiff's survival "claim" is not an independent claim at all; the survival statute merely provides that "the death of the injured person" does not "extinguish" certain underlying claims.  Haw. Rev. Stat. § 663-7.  Because the underlying claims of Mr. Kagawa are all time-barred for the reasons explained in this section, the survival "claim" is time-barred as well.

3638083, at *5 (D. Haw. July 31, 2018) (rejecting application of discovery rule where "[t]he Second Amended Complaint fails to allege facts sufficient to support Plaintiff's argument" regarding when claim accrued).  Plaintiff's complaint offers only the most generic and conclusory allegations on this score that are insufficient to meet her burden.

23.    As far as the discovery rule, it only even potentially applies to Plaintiff's failure-to-warn, negligence, and fraud claims—not to her wrongful death claim or potential UDAP claim.  *Heejoon Chung v. U.S. Bank, N.A*., 250 F. Supp. 3d 658, 671 (D. Haw. 2017) (UDAP); *Gast v. Kwak*, 396 F. Supp. 2d 1150, 1156 (D. Hawaii, 2005) (wrongful death).  To invoke the discovery rule, a plaintiff must include "allegations demonstrating" her "inability to discover the" underlying facts of her causes of action "despite the exercise of reasonable diligence." *Piatt v. Money Store*, 819 F. App'x 477, 480 (9th Cir. 2020).  Plaintiff makes allegations along the lines that she "had no reason to suspect that Mr. Kagawa's injuries had anything to do with his exposure"; could not have discovered that link through "reasonable pruden[ce]"; and "exercised reasonable diligence in investigating potential causes of their injuries by discussing their injuries with healthcare providers."  Complaint ¶¶ 166-72. Most of these conclusions are incredibly generic; they do not offer any facts suggesting that Plaintiff could not reasonably have discovered the link between

paraquat and Parkinson's disease until 2 years before she sued, *i.e.*, April 2022.[4] They do not, for example, plausibly plead that a reasonable person would not have conducted a simple Google search before then, or that a Google search would not have revealed the potential paraquat-Parkinson's disease link until April 2022. To be sure, Plaintiff alleges that Mr. Kagawa discussed his injury with his doctor without learning that paraquat might cause Parkinson's disease, but that conversation necessarily occurred *before Mr. Kagawa's death in 2005*. That allegation therefore provides no basis to conclude that Plaintiff could not reasonably have been aware of the paraquat-Parkinson's disease *until April 2022*.

24.     Plaintiff's fraudulent concealment allegations fare even worse. Fraudulent concealment tolling, like other fraud claims, "must be pled with particularity pursuant to Fed. R. Civ. P. 9(b)." *Molina v. OneWest Bank, FSH*, 903 F. Supp. 2d 1008, 1018 (D. Haw. 2012). To invoke fraudulent concealment tolling, "the plaintiff must allege facts showing affirmative concealment upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim." *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989, 1010 (D. Haw. 2013). This affirmative act of concealment "cannot" involve "the same factual allegations" underlying their substantive claims. *Molina*,

---

[4] The failure-to-warn, negligence, and fraud claims are all subject to a two-year statute of limitations. *See supra* ¶ 20.

903 F. Supp. 2d at 1018.  The plaintiff must also "plead facts showing that" she "had *neither actual nor constructive knowledge* of the facts giving rise to [her] claim[s] despite [her] *diligence in trying to uncover those facts*."  *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012); *Lowther*, 971 F. Supp. 2d at 1010.

25.    Plaintiff's fraudulent concealment allegations fail to satisfy these standards for at least two independent reasons.  To start, Plaintiff has not pleaded any alleged misrepresentations or omissions with particularity—let alone pleaded affirmative misrepresentations independent of the underlying wrongdoing with particularity.  Plaintiff simply offers vague assertions like "Defendants' acts and omissions mislead Plaintiffs in regard to their causes of action and prevented them from asserting such rights" and "prevented Plaintiffs from asserting their rights by committing affirmative independent acts of concealment."   Complaint ¶¶ 173-74.  That falls miles short of Plaintiff's burden of "articulat[ing] the who, what, when, where, and how of the" purported affirmative acts of fraud that support tolling.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Additionally, as with the discovery rule, Plaintiff has not pleaded any facts showing that she lacked constructive knowledge of her causes of action until April 2022 *despite exercising reasonable diligence*—let alone pleaded such facts with particularity.  Indeed, Plaintiff has not pleaded *any* facts showing that she exercised reasonable diligence

in the many years between Mr. Kagawa meeting his physician—necessarily before 2005—and suing in April 2024.  Plaintiff, for example, has not pleaded that she conducted a Google search and other reasonably diligent inquiries but was still unable to discover the alleged paraquat-Parkinson's disease link before April 2022.

26.  ***Second***, Plaintiff's claims (aside from wrongful death) against Yamashiro can only be asserted by a properly appointed legal representative of the person who was purportedly injured by paraquat, and Plaintiff has not alleged that she is such a person.  In Hawaii, a cause of action may be brought on a decedent's behalf *only* by a "legal representative of the person and any damages recovered shall form part of the estate of the deceased."  HRS § 663-7.  Here, all the claims are brought on Mr. Kagawa's behalf based on the alleged injury he suffered (*see* Complaint ¶¶ 184-297), but Plaintiff only brings her lawsuit individually and as the child of Mr. Kagawa (*id.* at ¶ 3).  At most, Plaintiff may be asserting that she is the legal representative of the decedent because she is an heir.  Status as an heir, however, is insufficient to establish that an individual is the "legal representative" under HRS § 663-7.  *Agae v. United States*, 125 F.Supp.2d 1243, 1248 (D. Haw. 2000) ("Accordingly, the court rules that the five remaining individual Plaintiffs' status as heirs does not, by itself, entitle them to be legal representatives of the estate.").  Plaintiff does not allege any other legal relationship with the decedent that

13

could satisfy the legal representative requirement.  Accordingly, Plaintiff is not entitled to bring any survival claims on behalf of decedent.

27.  **Third**, Plaintiff's fraud claim and any potential UDAP claim against Yamashiro—like their fraudulent concealment allegations—do not satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *See, e.g.*, *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1230, 1232 (D. Haw. 2010) (Rule 9(b) applies to fraud and UDAP claims).   Again, to satisfy Rule 9(b), Plaintiff must provide an "account of the time, place, and specific content of the false representations" or omissions "as well as the identities of the parties to the misrepresentations" or omissions.  *Id.* at 1230; *see also, e.g.*, *Menashe v. Bank of New York*, 850 F. Supp. 2d 1120, 1141 (D. Haw. 2012).  Plaintiff alleges only in the most conclusory fashion that Yamashiro "fraudulently … misrepresented … to Mr. Kagawa … the safety of Paraquat products, and/or fraudulently … omitted material, adverse information regarding the safety of Paraquat."  Complaint ¶ 268 (fraud); *id.* ¶ 282 (similar for UDAP claim).  Yamashiro supposedly did so "directly through scientific articles and editorials" as well as through "other media, national and regional advertising, marketing and promotion efforts, as well as the packaging and sales aids."  Complaint ¶ 269 (fraud); *id.* ¶ 283 (UDAP).  These allegations fall far short of satisfying the pleading standard—there is no information on *when* the statement or omission was made, *what* specifically the statement or omission was,

14

*where* the statement or omission was made (other than generic and unnamed "marketing and promotion efforts" and the like), and *who* at Yamashiro supposedly made the statement or omission, among other deficiencies.  *See, e.g.*, *Smallwood*, 730 F. Supp. 2d at 1230 (finding fraud claim was insufficiently plead for similar reasons).

28.    ***Fourth***, Plaintiff cannot state a claim under the "Consumer Fraud Acts of Hawaii" because there is no statute titled "Consumer Fraud Acts of Hawaii." Accordingly, Plaintiff's allegations seeking recovery under the "Consumer Fraud Acts of Hawaii" cannot establish any cause of action against Yamashiro.  But even if this Court were to construe Plaintiff's reference to the "Consumer Fraud Acts of Hawaii" as asserting a UDAP claim, it would fail for the reasons given herein.

29.    ***Fifth***, Plaintiff's wrongful death (HRS § 663-3) and survival claims (HRS § 663-7) fall with the underlying claims.  *Torres v. Northwest Engineering Co.*, 949 F.2d 1004, 1023 (Hawaii Ct. App. 1997) ("[A] wrongful death claim is derivative in nature and consequently, if the decedent has no cause of action, the survivors also have no cause of action."); *Bertelmann v. Taas Associates*, 735 P.2d 930, 935 n.5 (1987) ("Under HRS § 663–7 (1985), only those causes of action the decedent possessed survive for his or her estate.")  Because each of Plaintiff's underlying claims fails, so too must Plaintiff's wrongful death and survival claims.

15

30.     In sum, Yamashiro has been improperly joined because Plaintiff has no chance at stating a claim against it, and that result is obvious under settled law.

31.     There is also more than a plausible basis for concluding that the amount in controversy in this proceeding exceeds $75,000.   A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).   The defendant is required to present evidence supporting that plausible allegation only if the allegation is challenged by the plaintiff or the court. *Id.*

32.     "Where the face of the complaint does not state the amount in controversy, a court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *1 (C.D. Cal. Oct. 2, 2015).   If it is not facially apparent that the jurisdictional amount is in controversy, "then the court may consider facts in the removal petition and require parties to submit summary-judgment-type-evidence relevant to the amount in controversy."

33.     It is facially apparent here that, if Plaintiff were to prove her allegations, the monetary damages sought by Plaintiff would exceed $75,000.

34.     Allegations of long-term health issues are more likely to exceed the amount in controversy requirement. *See, e.g.*, *Hammarlund*, 2015 WL 5826780, at

16

*2 ("In cases involving severe injuries … courts have found it facially apparent from the complaint that the amount in controversy was satisfied.").

35.    The amount in controversy is met here because Plaintiff seeks substantial monetary damages for physical pain, mental anguish, diminished quality and enjoyment of life, medical expenses, and death due to a serious long-term illness—Parkinson's disease—and Plaintiff seeks substantial monetary damages for loss of consortium.  *E.g.*, Complaint ¶ 305 (Prayer for Relief).  Indeed, the cost of Mr. Kagawa's medical treatment alone likely satisfies the $75,000 requirement.  *See* Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," AJMC (June 3, 2020), *available at* https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states.

**OTHER REMOVAL ITEMS**

36.    Under 28 U.S.C. § 1446(b)(2)(A), all Defendants that have been properly joined must join or consent to removal.

37.    Chevron consents to removal, as indicated by counsel's signatures below, and Syngenta consents to removal as indicated by counsel's signatures below and **Exhibit C** attached hereto.

38.    Because Yamashiro has been improperly joined, Chevron does not require Yamashiro's consent for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

39.    Plaintiff also purports to assert claims against fictional defendants "John Does 1-10, Jane Does 1-10, Doe Partnerships, Corporations, or Entities 1-20." But "the citizenship of defendants sued under fictious names shall be disregarded" in assessing diversity.   28 U.S.C. § 1441(b)(1); *see also, e.g.*, *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Rojas ex rel Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("the citizenship of doe defendants … must be disregarded when determining whether complete diversity exists").   These fictious defendants therefore pose no impediment to removal.

40.    By filing this Notice of Removal, Syngenta and Chevron expressly reserve, and do not waive, any and all exceptions and defenses that may be available, including but not limited to those related to personal jurisdiction, venue, and service of process.   If any question arises as to the propriety of removal to this Court, Syngenta and Chevron request the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

18

41.     Syngenta and Chevron hereby reserve the right to amend or supplement this Notice of Removal.

42.     Pursuant to 28 U.S.C. § 1446(d), Syngenta and Chevron are contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and will serve notice of the filing of this Notice of Removal on Plaintiff.

**WHEREFORE**, Syngenta and Chevron remove this action, now pending the First Circuit State of Hawaii, case number 1CCV-24-458, to this Court.

Respectfully Submitted,

DATED:  Honolulu, Hawaiʻi, May 7, 2024.

*/s/ Melvyn M. Miyagi*
MELVYN M. MIYAGI
ROSS T. SHINYAMA
LISA M. YANG
WATANABE ING LLP

Attorneys for Defendant
**CHEVRON U.S.A. INC.**

DATED:  Honolulu, Hawaiʻi, May 7, 2024.

*/s/ Margery S. Bronster*
MARGERY S. BRONSTER
BRONSTER FUJICHAKU ROBBINS

Attorneys for Defendant
**SYNGENTA CROP PROTECTION LLC**

19